UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGNACIO RUIZ-GARCIA,
A-220-938-011,

Petitioner,

v.

MULLIN,

Respondent.

No. 1:26-cv-6114 DC AC

ORDER

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The petition asserts that petitioner has been detained at California City Detention Facility since March 17, 2026, and that his prolonged detention violates due process because he has been detained beyond the removal period. ECF No. 1. However petitioner does not allege when he was ordered removed, information which is necessary for the court to determine when the removal order became final and thereby analyze whether petitioner's detention has become unconstitutionally prolonged. The court also takes judicial notice of the Executive Office of Immigration Review's ("EOIR") Automated Case Information webpage, available

at https://acis.eoir.justice.gov/en/ (last visited Nov. 2, 2026), which does not reflect that a removal order has been entered.[1] Therefore, the facts alleged in the petition, without more, are insufficient to support petitioner's claim that he has been denied due process under the Fifth Amendment.

Because it is not clear that leave to amend would be futile, petitioner will be given an opportunity to amend the petition. **An amended petition should, at a minimum, provide factual allegations regarding the duration of petitioner's presence in the United States, the circumstances that led to petitioner's current detention, whether petitioner has previously been detained and/or released by immigration authorities, whether he has any pending applications for immigration relief (e.g. asylum, adjustment of status, cancellation of removal, U-visa, etc.), whether an immigration judge has previously ordered him removed, and if so, whether petitioner timely appealed that decision.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within **thirty days** of the service of this order, petitioner may file an amended petition that provides factual allegations to support each claim for relief. Failure to do so will result in a recommendation that this action be dismissed.

2. To ensure this court's jurisdiction to resolve the pending § 2241 petition, respondents shall not transfer petitioner outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"). This order does not prohibit the temporary transfer of petitioner outside of the district for urgent medical care, though petitioner shall be returned to the district upon the

////

////

---

[1] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

conclusion of such care. As soon as practicable, respondent shall notify the court of any such transfer.

DATED: November 3, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE